1 | P a g e

IN THE
UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **JERAL BATEN,** | . |
| **YSABEL UCHUPE,** | . |
| **ISRAEL RAMIREZ,** | . |
| and | . |
| **CECILIO MENDEZ,** | . |
| on behalf of themselves and others similarly-situated, | .   Case No.:   1:18-cv-242-CMH/IDD |
| **Plaintiffs,** | . |
| v. | . |
| **KOONS OF TYSONS CORNER, INC., d.b.a. KOONS CHRYSLER DODGE JEEP RAM** | . |
| and | |
| **DEJAUN CORNILOUS MOORE, d.b.a AUTO ASSETS** | |
| **Defendants.** | |

…………………………………………………o0o…………………………………………………

**Serve: Richard VW Adams III**
   **Registered Agent**
   **Koons of Tysons Corner, Inc**
   **1925 Isaac Newton SQ, Ste 250**
   **Reston, VA 20190**


**Serve: Dejuan C. Moore**
   **9597 Thistle Ridge Lane**
   **Vienna, VA 22182**

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs, JERAL BATEN (Baten), YSABEL UCHUPE (Uchupe), ISRAEL RAMIREZ (Ramirez), and CECILIO MENDEZ (Mendez), by counsel, on behalf of themselves and all others similarly situated, and file this Collective Action Complaint against Defendants KOONS OF TYSONS CORNER, INC. (hereinafter referred to as "the Dealership"), and DEJAUN CORNILOUS MOORE (Moore).

## PRELIMINARY STATEMENT

1. Plaintiffs, who are Spanish-speaking workers with little or no fluency in either spoken or written English, bring this action on behalf of themselves and a class of other similarly-situated employees (the "Plaintiff Class") to require Defendants to pay back wages owed to them and to the Plaintiff Class, which Defendants failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq. ("FLSA"). The named Plaintiffs and the Plaintiff Class are collectively referred to herein as "Plaintiffs." Plaintiffs seek permanent injunctive relief and damages for themselves and all class members.

2. For varying periods from on or about March 18, 2013 through December 20, 2017 the named Plaintiffs were employed by Defendants to wash, clean, and "detail" automobiles at the premises of the Dealership located at 8610 Leesburg Pike, Vienna, VA 22182, and similarly-situated employees have been employed by Defendants to perform these tasks during this period and through the present. Defendants employ between 15 and 20 employees to perform these manual tasks. Plaintiffs and other similarly-situated employees routinely worked more than 40 hours per week. Defendants failed to pay Plaintiffs and other similarly-situated

employees an overtime premium of one and one-half times their regular rates of pay for their hours worked over 40 in any workweek.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. § 201, *et seq.*; 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because the Defendants transact business in this District, Defendants employed the named Plaintiffs and the Class Plaintiffs in this District, and most of the actions complained of were conducted within this District.

## PARTIES

5. Plaintiffs Baten, Uchupe, Ramirez, Mendez, and each and every additional named Plaintiff (hereinafter "named Plaintiffs") are former or current non-exempt employees of Defendants who earned, but did not receive, compensation for time worked, together with time and one-half pay for time spent over 40 hours per week from Defendants.

6. The class of similarly-situated employees (hereinafter "Class Plaintiffs") are or were non-exempt employees of Defendants who earned, but did not receive, compensation for time worked and time and one-half pay for time spent over 40 hours per week from Defendants.

7. The named Plaintiffs and the Plaintiff Class at all times relevant hereto were each an "employee" as that term is defined by 29 U.S.C. §203 (e).

8. The work of the named Plaintiffs and the Plaintiff Class regularly involves them in commerce between States ("interstate commerce"). The FLSA covers individual workers,

like the named Plaintiffs and the members of the Plaintiff Class, who are "engaged in commerce or in the production of goods for commerce."

9. The Defendant Dealership is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Vienna, Virginia, and at all times during Plaintiffs' employment, Defendant Dealership was an employer as defined by 29 U.S.C. §203 (d).[1]

10. At all times relevant, Defendant Dealership has had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out-of-state.

11. The Defendant Moore is a citizen and resident of the Commonwealth of Virginia residing at 9597 Thistle Ridge Lane, Vienna, Virginia, 22182. At all times during Plaintiffs' employment, Defendant Moore was an employer as defined by 29 U.S.C. §203 (d).

12. At all times relevant, Defendant Moore has employed two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out-of-state.

13. The Defendant Moore at all times relevant hereto was an "employer" as that term is defined by 29 U.S.C. §203 (d). In particular, Defendant Moore is the owner of a business entity known as "Auto Assets" and appears on a frequent, almost daily basis at the Defendant Dealership where Plaintiffs and other similarly-situated employees are working, controls

---

[1] **(d)** "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency….

significant aspects of those Plaintiffs' operations, including the hiring and firing of employees.

14. In establishing the unlawful pay scheme at issue in this case and in misclassifying the Plaintiffs and other similarly-situated employees as independent contractors, Defendant Moore was motivated by his desire to avoid paying an overtime premium to Plaintiffs and other similarly-situated employees as required by the FLSA.

## CLASS ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action on behalf of themselves and an opt-in class of all persons who were or are hourly non-exempt car wash and "detailing" employees and who earned, but did not receive, compensation for time worked, including but not limited to overtime pay from Defendants.

    a) The size of the class is so numerous (over 15 persons) that joinder of the individual members would be impracticable.

    b) The named Plaintiffs are adequate class representatives because they are directly impacted by Defendants' actions. The interests of the named Plaintiffs are not antagonistic to, or in conflict with, the interests of the class as a whole. The attorney representing the class is experienced in representing clients in federal litigation.

    c) Common questions of law and fact are involved, including questions posed by Plaintiffs' allegations that Defendants failed to pay in violation of § 7 of the FLSA present and former non-exempt employees of Defendants who earned, but did not receive, overtime pay from Defendant.

d) Claims of the named Plaintiffs are typical of the claims of the class because all class members and the named Plaintiffs are affected by Defendants' conduct.

e) Defendants have acted on grounds generally applicable to the class, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole.

f) Common questions of law or fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

g) The named Plaintiffs are similarly situated to the class members in terms of job responsibilities, title, and employment dates as they were or are all car wash employees who provided car wash and "detailing" services to the Defendants, and who were denied compensation for all the time that they worked and time and one-half overtime wages by Defendants.

## FACTS

16. Defendants hired the named Plaintiffs and the members of the Plaintiff Class.

17. Plaintiffs and the members of the Plaintiff Class provide or have provided car wash and automobile "detailing" services at the Dealership located at 2000 Chain Bridge Road, Vienna, Virginia on behalf of Defendants.

18. The Dealerships exercised control over employee work schedules, Dealership employees, including Robert Magan, Sales Manager for Defendant Dealership, and "Mike," Inventory Manager for Defendant Dealership, gave instruction to individual car wash workers concerning the timing of and manner in which cars should be detailed, and Dealership managers determined where work would be performed. In particular, Robert Magan gave

frequent instructions to at least one non-managerial car wash worker concerning when and how to wash cars, and "Mike,' the Dealership's Inventory Manager, gave direct instructions to car wash workers concerning how and when the car wash workers should clean individual cars, specifying individual vehicles by texting to him ticket numbers for those vehicles. Dealership managers Robert Magan and "Mike" communicated frequently with Plaintiff Mendez via text message, and "Mike" often gave specific instructions concerning individual vehicles, including on one occasion texting to Plaintiff Mendez "clean running boards also."

19. The Plaintiffs' employment took place on the premises of the Defendant Dealership on property owned by, controlled by, and connected to the Defendant Dealership.

20. The Plaintiffs performed a "specialty job" in the Defendant Dealership's "production line".

21. The Plaintiffs routinely used Defendant Dealership's supplies in their work. For example, Defendant Dealership provided supplies to Plaintiffs, including Resistall Protection Coating.

22. Defendant Moore, doing business as "Auto Assets," maintains a business that can shift as a unit from one dealership to another.

23. The Defendant Moore has a contract with the Defendant Dealership that can pass from one subcontractor to another without material changes.

24. Plaintiffs worked exclusively for Defendant Dealership for a period of years.

25. Plaintiffs work at the Defendant Dealership is repetitive, requiring little skill or training.

26. The activities Plaintiffs performed are an integral part of the overall business operation of the Defendant Dealership.

27. The Defendant Dealership's investment in the equipment and facilities used by Plaintiffs in performing their work is greater than that of the Defendant Moore.

8 | P a g e

28. The Defendant Dealership is a "joint employer" of the Plaintiffs and Class Plaintiffs with the Defendant Moore within the meaning of the FLSA.

29. The named Plaintiffs regularly worked more than forty hours in almost every week they worked during their employment by Defendants. In particular, Plaintiffs consistently worked between 65 and 75 hours per week. None of the Plaintiffs received any premium pay for their hours worked over 40 in any workweek.

30. The Plaintiff Class members also regularly worked more than forty (40) hours in one or more weeks during the relevant time period of the case and during their employment by Defendants.

31. Defendants paid the named Plaintiffs at the individual rates and for the hours worked as indicated in Exhibit "A" attached hereto.

32. Defendants improperly designated the named Plaintiffs and Class Plaintiffs as independent contractors for tax purposes but exercised a degree of control over them and their work such that they are clearly employees under any applicable legal standard. For example, Defendants set the hours worked by the Plaintiffs, closely supervised their work, instructed them how to perform their work, made deductions from the wages of the Plaintiffs based on alleged damage to property occurring during their work, hired, fired, and disciplined the Plaintiffs, and provided Plaintiffs with all of their work tools and equipment. Plaintiffs were economically dependent on Defendants.

## OVERTIME COMPENSATION

33. Defendants routinely and consistently required the named Plaintiffs and Class Plaintiffs to work over forty hours per week.

34. The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in one work week over forty hours. This is commonly known as the time-and-a-half pay for overtime work.

35. Despite working overtime, the named Plaintiffs and Class Plaintiffs were not paid time and one-half pay from Defendants for overtime worked.

## WILLFUL VIOLATIONS

36. On information and belief, Defendants have for more than three years, willingly, deliberately and intentionally refused to pay the Class Plaintiffs for time and one-half pay for overtime worked, and since on or after March 18, 2013, have willingly, deliberately, and intentionally refused to pay the named Plaintiffs for time and one-half pay for overtime worked.

37. On information and belief, and in violation of the FLSA, Defendants did not, during all relevant times, post the FLSA laws in an area alerting the named Plaintiffs and Class Plaintiffs of their rights to payment for time worked and to overtime pay under the FLSA.

38. Consequently, the named Plaintiffs and Class Plaintiffs were, until very recently, never aware that the FLSA provided for compensation for time and one-half pay for overtime worked.

39. Defendants led the named Plaintiffs and the Class Plaintiffs to believe that their regular pay was paid in conformity with the FLSA.

40. Defendants knew or should have known that the named Plaintiffs and the Class Plaintiffs were entitled to compensation for time and one-half overtime pay under the FLSA, during all relevant times.

41. Defendants willfully, deliberately and intentionally failed to pay the named Plaintiffs and Class Plaintiffs for time and one-half overtime wages for their hours worked over forty in any workweek.

42. Defendants have never claimed that the FLSA laws do not apply to the named Plaintiffs or Class Plaintiffs, or that these Plaintiffs are subject to any exemption from these requirements.

43. The named Plaintiffs and Class Plaintiffs are, therefore, owed compensation for time and one-half overtime wages and back wages by Defendants, who willingly and knowingly withheld those wages.

## CAUSE OF ACTION

(Fair Labor Standards Act)

44. The foregoing paragraphs are included herein as though fully set forth herein.

45. Defendants regularly engage in commerce and their employees handle and use goods, which have moved in interstate commerce.

46. At all relevant times, Defendants were and are employers within the meaning of the FLSA and are subject to the provisions of the FLSA.

47. The named Plaintiffs and Class Plaintiffs at all relevant times were employees of Defendants, as defined by the FLSA.

48. During the period of time that the named Plaintiffs and the Class Plaintiffs were employed by Defendants, the named Plaintiffs and Class Plaintiffs performed regular, scheduled overtime work for which no additional compensation was paid to them by Defendants in violation of the provisions of the FLSA. More specifically, Defendants violated § 7 of the FLSA by failing to pay time and one-half overtime wages to hourly non-exempt employees, including the named Plaintiffs and the members of the Plaintiff Class who earned overtime pay.

49. Upon information and belief, the Defendants' pay system was unilaterally imposed upon the named Plaintiffs and the Class Plaintiffs.

50. The Defendants' failure to properly administer a scheme of compensation, including but not limited to overtime compensation violates the overtime provisions of the FLSA and the regulations thereunder.

51. As a result of the Defendants' willful and knowing failure to properly compensate the named Plaintiffs and Class Plaintiffs, those Plaintiffs have suffered substantial delays in receipt of wages owed and damages.

52. The Defendants' failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

53. Pursuant to 29 U.S.C. §§ 207 and 216, Defendants owe the named Plaintiffs and Class Plaintiffs compensation for their overtime work, an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, the named Plaintiffs and Class Plaintiffs seek judgment against Defendants as follows:

1. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b);
2. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiffs;
3. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;
4. That Defendants be enjoined from further violations of the Fair Labor Standards Act;

5. That the named Plaintiffs and Class Plaintiffs recover unpaid overtime wages together with an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b). That Plaintiffs recover their unpaid minimum wages for the periods they performed work for Defendants and were not paid at all as described herein.

6. That the named Plaintiff and the Class Plaintiffs recover an award of reasonable attorney's fees, costs, and expenses;

7. Order the Defendants to make whole the named Plaintiffs and Class Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

8. Plaintiffs further pray for such additional relief as the interests of justice may require.

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

                                JERAL BATEN, YSABEL UCHUPE,
                                ISRAEL RAMIREZ and CECILIO MENDEZ,
                                On behalf of themselves and all others
                                similarly situated,

                                By Counsel

_____/s/_____
Thomas F. Hennessy (VSB No. 32850)
THE HENNESSY LAW FIRM, PLLC
*Counsel for Plaintiffs*
4015 Chain Bridge Road, Suite G
Fairfax, Virginia 22030
Phone: (703) 865-8836
Fax:    (703) 865-7633
thennessy@virginiawage.net